CHIASSON, Judge.
This matter is before this Court on a Motion to Dismiss Appeal filed by Alex Theriot, Jr., Inc., plaintiff-appellee. On December 10, 1976, judgment was rendered by the District Court dismissing the peremptory exceptions of prescription and no right of action and the declinatory exceptions of lis pendens, improper venue, lack of jurisdiction over the person and lack of subject matter jurisdiction filed by Lager, Inc., A. R. Guglielmo, Inc., Bill Day, Bobby Forrest, Frank G. Sullivan, Jr., A. R. Guglielmo and Roberts Apartment Agency, Inc., defendants-appellants.
The appellants have appealed the judgment insofar as it dismisses, with prejudice, their exceptions of prescription, lis pendens, improper venue and lack of personal jurisdiction. The appellee contends that the judgment of the District Court dismissing these exceptions is an interlocutory judgment and therefore, not appealable.
C.C.P. Art. 2083 provides:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
C.C.P. Art. 1841 provides:
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
“A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
“A judgment that determines the merits in whole or in part is a final judgment.”
The judgment of the District Court dismissing the appellants’ exceptions was not a determination in whole or in part of the merits of the appellee’s action, but rather, a determination that the District Court would consider the merits of the appellee’s claim. The judgment dealt with preliminary matters in the course of the action and is therefore an interlocutory judgment.
The only irreparable injury alleged by the appellants is that their rights in a suit filed in East Baton Rouge Parish would be impaired or' lost. The right alleged to be impaired is a reconventional demand. The rights alleged to be lost are the exceptions of non-joinder of an indispensable party, prescription and no right of action. The appellants have raised the issues of prescription and no right of action in the *1265 present case. The allegedly indispensable party is a party to the present suit. There is no indication as to what the irreparable harm to the appellants would be with regard to their reconventional demand. There has been no showing of irreparable injury by the appellants and the judgment of the District Court is therefore not ap-pealable.
For the above reasons, the appeal is dismissed and the case remanded to the District Court for further proceedings. The appellants are to pay all cost of this appeal.
APPEAL DISMISSED AND CASE REMANDED.